LATSCH *v.* HILLIARD.

1. NEGLIGENCE—BURDEN IS ON PLAINTIFF TO PROVE FREEDOM FROM CONTRIBUTORY NEGLIGENCE.

In action based on negligence, burden of proving freedom from contributory negligence is on plaintiff, and when it is being considered as matter of law, plaintiff's testimony must be taken as true.

2. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In action for personal injuries sustained when plaintiff was struck by defendants' automobile while crossing public street, where plaintiff testified that she looked before starting to cross but did not look again until she reached middle of street, when she saw defendants' automobile about 40 feet away and stepped back two steps to allow it to pass, but it ran her down, question of her contributory negligence was for jury, although defendants' version of accident showed contributory negligence.

3. SAME—WEIGHT OF EVIDENCE.

Verdict in favor of plaintiff *held,* not against great weight of evidence.

Error to Muskegon; Vanderwerp (John), J. Submitted June 5, 1929. (Docket No. 45, Calendar No. 34,363.) Decided December 3, 1929.

Case by Audora Latsch against Newton Hilliard and another for personal injuries. From judgment for plaintiff, defendants bring error. Affirmed.

*James E. Sullivan,* for plaintiff.

*Alexis J. Rogoski* and *R. Glen Dunn,* for defendants.

As to duty of pedestrian before crossing street to look out for automobile approaching on intersecting street, see annotation in 9 A. L. R. 1248; 44 A. L. R. 1299.

McDONALD, J.  This suit was brought to recover damages for injuries resulting from an automobile accident at the intersection of Summit and Peck streets in the city of Muskegon, Michigan.  The defendant Newton Hilliard was the owner of the automobile.  His wife, Tillie Hilliard, was driving it at the time of the accident.  The plaintiff was struck and knocked to the pavement while attempting to cross the street.  On the trial, she recovered a verdict and judgment.  Defendants have brought error.

There is no doubt as to defendants' negligence. The only question is whether the plaintiff was guilty of contributory negligence as a matter of law.  In discussing this question, we are not concerned with the defendants' testimony except where it is undisputed.  The burden of proving freedom from contributory negligence was on the plaintiff and when it is being considered as a matter of law, her testimony must be taken as true.  She testified that before she started across the street she looked for approaching automobiles and saw none.  She did not look again until she reached the center of the street. At that point she heard a horn and saw the defendants' car 40 feet away.  She took two steps backward, stopped and waited for the car to pass.  It was coming from the east, traveling in the north half of the highway.  The plaintiff stood two steps across the center line on the south side.  She was asked:

"*Q*.  Then what happened?

"*A*.  She got within a few feet of me and I saw her jerk the wheel right for me, and I tried to get out of the way, but I couldn't.  I partly turned around and put my hands out like that (indicating) and that is when it hit me."

Considering this testimony most favorable to the plaintiff's contention, in what way was she negligent? It is said that she was negligent because she did not look for automobiles after she started across the street. Her failure to look had nothing to do with the accident. It was not a contributing cause. What she did or failed to do up to the time she reached the center of the street is immaterial, because she was not hit while crossing that portion of the highway. The important fact is that she saw the car in time to avoid the accident, and, if her testimony is true, she then did what a person of ordinary prudence would have done to save herself from injury. She stepped back across the center line of the street and gave the defendant the road. She stepped back where she would have been safe but for the negligence of the defendant. Assuming her testimony to be true, she exercised a reasonable degree of care for her own safety. Defendants' version of the accident showed contributing negligence. It was for the jury to determine which claim was true.

The question was submitted to them in a proper charge and a verdict reached which the defendants say is against the great weight of the evidence. With this contention we do not agree. The defendant Tillie Hilliard who was operating the car at the time of the accident was an inexperienced driver. Her 18-year old son sat on the front seat beside her. In testifying as to the accident, he said that his mother lost control of the car before it struck the plaintiff. This testimony explains what otherwise might be regarded as improbable, viz., that the driver swerved the car to the left and ran the plaintiff down though she had ample room to pass on either side of her. There was other testimony from

disinterested witnesses in support of plaintiff's version of the accident. The trial court who heard the testimony says that the verdict is not against the great weight of the evidence. We agree that it should not be disturbed.

The judgment is affirmed, with costs to the plaintiff.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.